**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOSEPH MONTONYE,

Plaintiff,

v.

Case No.: 3:23-cv-254-WWB-MCR

UNITED STATES OF AMERICA,

Defendant.
_________________________________/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion to Strike Standard of Care Expert (Doc. 41), the Government's Response in Opposition (Doc. 43), and Plaintiff's Reply (Doc. 47). For the reasons set forth below, Defendant's Motion will be granted.

## I. BACKGROUND

Plaintiff, as Personal Representative of the estate of his deceased wife, Terrie Montonye, brings a claim for negligence under the Federal Tort Claims Act ("**FTCA**"), 28 U.S.C. §§ 1346(b) and 2671. (Doc. 18 at 1). Mrs. Montonye received primary medical care and treatment from Dr. Myriame Vastey, an employee of the United States Department of Health and Human Services, from 2015 until she succumbed to metastatic lung cancer on April 23, 2021. (*Id.* at 2–5). Plaintiff alleges that Dr. Vastey's negligent care resulted in a significant delay in Mrs. Montonye's lung cancer diagnosis, leading to her death. (*Id.* at 5). Specifically, Plaintiff alleges negligence in the Dr. Vastey's "fail[ure] to timely refer Mrs. Montonye for diagnostic imaging" or to a specialist, "fail[ure] to include cancer as a differential diagnosis," and "fail[ure] to timely perform additional workup to determine the cause of Mrs. Montonye's [worsening] symptoms." (*Id.* at 5–6).

As explained more fully below, Plaintiff argues in the instant Motion that Pulmonologist Dr. Michael Bernstein, an expert witness proposed by the Government, is not competent to testify under section 766.102(5)(a), Florida Statutes. The Government responds that subsection (5) is not the sole path to competency, and further, that Dr. Bernstein is qualified to testify under section 766.102(8), Florida Statutes.

## II. LEGAL STANDARD & DISCUSSION

Under Federal Rule of Evidence 601, "state law governs [a] witness's competency regarding a claim or defense for which state law supplies the rule of decision." In negligence actions brought under the FTCA, state law provides the rule of decision. *See Molzof v. United States*, 502 U.S. 301, 305 (1992) (collecting cases); 28 U.S.C. §§ 1346(b)(1), 2674. Accordingly, the Eleventh Circuit and courts within this District have held that state statutes govern the competency of expert witnesses in medical malpractice claims brought under the FTCA. *See Dutton v. United States*, 621 F. App'x 962, 966 (11th Cir. 2015); *Garcia v. United States*, No. 3:12-cv-1369-J, 2015 WL 6750797, at *4 & n.15 (M.D. Fla. Nov. 5, 2015).[1] Section 766.102, Florida Statutes supplies the rule of competency relevant to the instant filings and provides in part that:

> (4) . . . The failure of a health care provider to order, perform, or administer supplemental diagnostic tests shall not be actionable if the health care

[1] In *McDowell v. Brown*, the Eleventh Circuit stated that proper analysis consists of "first [considering] whether the expert is qualified to render an opinion regarding the standard of care (the competency component), and [then considering] whether the expert's *causation theory* meets the strictures of Rule 702." 392 F.3d 1283, 1295 (11th Cir. 2004) (emphasis added). The *McDowell* court did not subject the proffered experts' standard-of-care testimony to analysis under Rule 702 or *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), which suggests that "the doctors' competency under Georgia law was [] sufficient to satisfy both Rule 702 and *Daubert*." *Adams v. Lab'y Corp. of Am.*, 760 F.3d 1322, 1339 (11th Cir. 2014) (Garza, J., specially concurring). Here, neither party has offered arguments pertaining to Rule 702 or *Daubert*, and the Court limits its analysis to the issues presented.

> provider acted in good faith and with due regard for the prevailing professional standard of care.
>
> (5) A person may not give expert testimony concerning the prevailing professional standard of care unless the person is a health care provider who holds an active and valid license and conducts a complete review of the pertinent medical records and meets the following criteria:
>
> (a) If the health care provider against whom or on whose behalf the testimony is offered is a specialist, the expert witness must:
>
> 1. Specialize in the same specialty as the health care provider against whom or on whose behalf the testimony is offered; and
>
> 2. Have devoted professional time during the 3 years immediately preceding the date of the occurrence that is the basis for the action to:
>
> a. The active clinical practice of, or consulting with respect to, the same specialty;
>
> b. Instruction of students in an accredited health professional school or accredited residency or clinical research program in the same specialty; or
>
> c. A clinical research program that is affiliated with an accredited health professional school or accredited residency or clinical research program in the same specialty.
>
> . . . .
>
> (8) If a health care provider described in subsection (5), subsection (6), or subsection (7) is providing evaluation, treatment, or diagnosis for a condition that is not within his or her specialty, a specialist trained in the evaluation, treatment, or diagnosis for that condition shall be considered a similar health care provider.

Plaintiff argues that Dr. Bernstein is not competent to testify because he does not specialize in the same specialty—family medicine—as Dr. Vastey. Nor, as Plaintiff argues, has Dr. Bernstein "devoted professional time during the 3 years immediately preceding the . . . occurrence that is the basis for the action" to clinical practice, research, or instruction in family medicine. *Id.* § 766.102(5)(a)1.–2.c. Because subsection (5)(a) applies to testimony offered against or on behalf of specialists, Plaintiff's argument rests

on the premise that family medicine is a specialty. On that point, Plaintiff offers the Affidavit of Jennifer Sidman, M.D. (Doc. 41-1 at 1), in which Dr. Sidman swears that "[g]eneral practitioners can be differentiated from specialists because general practitioners are not required to complete a residency program," and that "[f]amily medicine is considered a medical specialty . . . because family medicine practitioners must complete at least a three-year residency program and pass [] board exams." This reasoning comports with the definition of "specialist" found in Dorland's Illustrated Medical Dictionary 1742 (2012): "a physician whose practice is limited to a particular branch of medicine or surgery, especially one who, by virtue of advanced training, is certified by a specialty board as being qualified to so limit his practice."[2]

The record here contains no allegations or evidence pertaining to Dr. Vastey's residency experience or board certification. Still, in the absence of briefing to the contrary, the Court finds that the Government maintains the burden of establishing the qualification of its own expert witness. *See, e.g.*, *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). Here, the Government neither disputes that Dr. Vastey specializes in family medicine nor argues that Dr. Vastey is or was acting as a general practitioner. *See* Fla. Stat. § 766.102(5)(b) (providing alternative qualification requirements for expert testimony

---

[2] *See also Ghamra v. Williams*, 423 So. 3d 479, 483 (Fla. 2d DCA 2025) ("A 'specialist' is '[a] physician whose practice is limited to a particular branch of medicine or surgery, especially one who is certified by a board of physicians.'" (quoting *Specialty*, American Heritage Dictionary of the English Language 1669 (4th ed. 2000))); *but see id.* at 484 (distinguishing between specialists and generalists and defining a generalist as "[a]n internist, *family physician*, or pediatrician who performs general medicine; one who treats most diseases that do not require surgery, sometimes including those related to obstetrics." (emphasis added) (quoting *Generalist*, Stedman's Medical Dictionary 366900 (2014))).

concerning the standard of care as to generalists). The Court therefore accepts that Dr. Vastey specializes in family medicine for the purposes of the instant Motion.

The Government does argue, however, that because Plaintiff alleges negligence in Dr. Vastey's evaluation and diagnosis of lung cancer, (*see* Doc. 18 at 5–6), a condition not within Dr. Vestey's specialty, Dr. Bernstein is qualified as a "similar health care provider" under section 766.102(8). Dr. Bernstein is, indeed, a specialist in "the anatomy, physiology, and pathology of the lungs." *Pulmonology*, Dorland's Illustrated Medical Dictionary 1553 (2012). Dr. Vastey is not. Because Plaintiff alleges that Dr. Vastey was negligent in the evaluation, treatment, and diagnosis of lung cancer—including for "failing to [] refer Mrs. Montonye to a specialist," (Doc. 18 at 6), Dr. Bernstein likely qualifies as a similar health care provider. But that is insufficient to offer "expert testimony concerning the prevailing professional standard of care" against a "specialist." Fla. Stat. § 766.102(5)(a).

As Plaintiff notes, in 2013 the Florida Legislature amended section 766.102 to preclude qualification of medical experts from specialties similar to the specialty of the alleged tortfeasor. "The previous version of section 766.102(5)(a)1 provided that to offer testimony against a specialist, the expert witness must '[s]pecialize in the same specialty as the health care provider against whom . . . the testimony is offered; or specialize in a similar specialty that includes the evaluation, diagnosis, or treatment of the medical condition that is the subject of the claim and have prior experience treating similar patients.'" *Martinez v. Perez Ortiz*, 346 So. 3d 744, 748 n.3 (Fla. 2d DCA 2022) (alteration in original) (emphasis removed) (quoting Fla. Stat. § 766.102(5)(a)1. (2011)). Under the amended subsection (5)(a), however, "any corroborating expert who is to testify against

a specialist must specialize in the 'same'—as opposed to 'same or similar'—specialty." *Univ. of Fla. Bd. of Trs. v. Carmody*, 372 So. 3d 246, 253 (Fla. 2023). And "Florida courts have [] decided that 'same specialty' is to be taken literally and is not synonymous with physicians with different specialties providing similar treatment to the same areas of the body." *Riggenbach v. Rhodes*, 267 So. 3d 551, 555 (Fla. 5th DCA 2019); *see also Myers v. Pasco Cnty. Sch. Bd.*, 246 So. 3d 1278, 1279 (Fla. 1st DCA 2018) ("A physician who provides similar services in a *different* specialty does not qualify as a doctor in the 'same specialty' because—quite simply—'same' is different than 'similar.'"). Therefore, because subsection (8) merely provides a route for qualifying a medical expert as a *similar* health care provider, it no longer provides a route for qualifying "[a] person [to] give expert testimony concerning the prevailing standard of care" applicable to "specialist[s]," as such witnesses must "[s]pecialize in the same specialty as the health care provider against whom or on whose behalf the testimony is offered." Fla. Stat. § 766.102(5)–(5)(a); *see also Silvagnoli v. Orlando Health, Inc.*, No. 2016-CA-006492-O, 2017 WL 11534665, at *3 (Fla. 9th Cir. Ct. June 01, 2017); *Fitzgerald v. Fla. Hosp. Med. Grp., Inc.*, No. 2017-CA-8141-O, 2020 WL 10822354, at *1 n.4 (Fla. 9th Cir. Ct. Feb. 05, 2020). Moreover, *Allen v. Prison Health Servs., Inc.*, No. 3:07cv182, 2007 WL 9735119 (N.D. Fla. Oct. 31, 2007), the only case the Government offers in support of its subsection (8) argument, is outdated and thus unpersuasive in light of the 2013 amendments.

The 2013 amendments did not repeal subsection (8), which, by its terms, remains applicable to "health care provider[s] described in subsection (5)." The Government notes that courts interpreting Florida statutes are "generally" advised to "give full effect to all statutory provisions and construe related statutory provisions in harmony with one

another." *Trinidad v. Fla. Peninsula Ins. Co.*, 121 So. 3d 433, 440 (Fla. 2013) (quotation omitted). Doing so remains possible here because expert witnesses from "similar health profession[s]" may still provide expert testimony against "health care provider[s] . . . other than a specialist or a general practitioner." Fla. Stat. § 766.102(5)(c)–(c)1. Similar healthcare providers may not, however, provide expert testimony against specialists such as Dr. Vastey. *Id.* § 766.102(5)(a)1.

## III. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion to Strike Standard of Care Expert (Doc. 41) is **GRANTED**. Pursuant to section 766.102, Florida Statutes, Dr. Michael Bernstein may not give expert testimony concerning the prevailing professional standard of care applicable to Dr. Myriame Vastey.

**DONE AND ORDERED** in Jacksonville, Florida on August 18, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record